*596
 
 PER CURIAM.
 

 The Supreme Court Committees on Standard Jury Instructions in Criminal Cases (SJI-Criminal Committee) and on Standard Jury Instructions in Civil Cases (SJI-Civil Committee) have submitted proposed changes to the standard jury instructions and ask that the Court authorize the new and amended instructions for publication and use. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 Arising from the Court’s concerns over the expansive use of electronic devices and their potential impact upon the administration of justice, the Court requested that the SJI-Criminal and the SJI-Civil Committees consider whether there existed problems relating to jurors engaging in electronic communications, research, or the use of technology during pending cases. The Court further requested that the committees jointly propose a uniform approach with uniform jury instructions to be used in all cases.
 

 The civil jury instructions, newly renumbered and reorganized,
 
 see In re Standard Jury Instructions in Civil Cases
 
 — Report
 
 No. 09-01 (Reorganization of the Civil Jury Instructions),
 
 35 So.3d 666 (Fla. 2010), minimally account for recent technological advances. For example, instruction 202.2 — Explanation of the Trial Procedure, directs jurors not to conduct any work or investigation with respect to the case on which they are sitting, including internet research.
 
 See id.
 
 at 676. Similarly, civil instruction 700 — Closing Instructions, includes a paragraph directing jurors not to do any research about the case, including research on the internet.
 
 'See id.
 
 at 802-OS. Devoid of direction on juror use of electronic devices or performing internet research, the criminal jury instructions provide less guidance to jurors. Rather, criminal jury instruction 2.1 — Preliminary Instructions, authorized in 1981,
 
 see In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases,
 
 431 So.2d 594, 595 (Fla.1981), only advises jurors that they must not conduct their own research.
 

 In response to a request by the Court, the committees’ proposals include new and revised instructions addressing the use by jurors or potential jurors of electronic devices that permit communications, whether it be with other individuals or accessing information outside of court proceedings. One proposal common to both sets of standard jury instructions is a new, unnumbered qualification instruction, to be given in addition to and at the conclusion of the instructions normally read to prospective jurors. The SJI-Civil Committee also proposes amendments to instruction 201.2 — Introduction of Participants and Their Roles; instruction 201.3 — Explanation of the Voir Dire Process; instruction 202.2 — Explanation of the Trial Procedure; and instruction 700 — Closing Instructions. The SJI-Criminal Committee also proposes amendments to instruction 1.1 — Introduction; instruction 2.1 — Preliminary Instructions; and instruction 3.13 — Submitting Case to Jury.
 

 Upon review of the committees’ joint report, the Court published the proposals for comment in the February 15, 2010, edition of
 
 The Florida Bar News.
 
 Three comments were received. Upon consideration of the proposals and the comments, we hereby authorize for publication and use the instructions, either as proposed by the committees or with the modifications discussed below. In addition, upon the Court’s own motion, we amend the Model Jury Instructions of the Standard Jury Instructions in Civil Cases consistent with the amendments to the civil instructions authorized here.
 

 The Court modifies
 
 the
 
 proposed amendments to preliminary jury instruc
 
 *597
 
 tions given prior to the start of voir dire, i.e., instruction 201.2 — Introduction of Participants and Their Roles, in civil cases, and instruction 1.1 — Introduction, in criminal cases-to include language in each of the instructions explaining the rationale behind prohibiting the use of electronic devices throughout the time of jury selection and juror service.
 
 [1]
 

 In authorizing the publication and use of the new, amended, and model instructions as set out in the appendix, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.
 
 [2]
 
 We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the relevant committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ„ concur.
 

 APPENDIX
 

 [Amendments to both the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Civil Cases]
 

 QUALIFICATIONS INSTRUCTION
 

 Many of you have cell phones, computers, and other electronic devices. Even though you have not yet been selected as a juror, there are some strict rules that you must follow about using your cell phones, electronic devices and computers. You must not use any device to search the Internet or to find out anything related to any cases in the courthouse.
 

 Between now and when you have been discharged from jury duty by the judge, you must not provide or receive any information about your jury service to anyone, including friends, co-workers, and family members. You may tell those who need to know where you are that you have been called for jury duty. If you are picked for a jury, you may tell people that you have been picked for a
 
 *598
 
 jury and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the ease. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone or computer communications.
 

 In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages, including e-mail and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.
 

 After you are called to the courtroom, the judge will give you specific instructions about these matters. A judge will tell you when you are released from this instruction. All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution of every case.
 

 NOTE ON USE
 

 This instruction should be given in addition to and at the conclusion of the instructions normally given to the prospective jurors. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.
 

 [Amendments to the Standard Jury Instructions in Criminal Cases]
 

 1.1 INTRODUCTION
 

 To be given when jurors are in courtroom, prior to voir dire.
 

 In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.
 

 I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.
 

 You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.
 

 All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge
 
 *599
 
 has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.
 

 Comment
 

 The portion of this instruction dealing with communication with others and outside research may need to he modified to include other specified means of communication or research as technology develops.
 

 This instruction was adopted in 2010,
 

 2.1 PRELIMINARY INSTRUCTIONS
 

 Ladies and gentlemen of the jury:
 

 You have been selected and sworn as the jury to try the case of State of Florida v. (defendant).
 

 This is a criminal case. (Defendant) is charged with (crime charged). The definition of the elements of (crime charged) will be explained to you later.
 

 It is your solemn responsibility to determine if the State has proved its accusation beyond a reasonable doubt against (defendant). Your verdict must be based solely on the evidence, or lack of evidence, and the law.
 

 The [information] [indictment] is not evidence and is not to be considered by you as any proof of guilt.
 

 It is the judge’s responsibility to decide which laws apply to this case and to explain those laws to you. It is your responsibility to decide what the facts of this case may be, and to apply the law to those facts. Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.
 

 Before proceeding further, it will be helpful if you understand how a trial is conducted.
 

 At the beginning of the trial, the attorneys will have an opportunity, if they wish, to make an opening statement. The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the trial. What the lawyers say is not evidence, and you are not to consider it as such.
 

 Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be produced as evidence.
 

 After the evidence has been presented, the attorneys will have the opportunity to make their final argument.
 

 Following the arguments by the attorneys, the court will instruct you on the law applicable to the case.
 

 After the instructions are given [the alternate juror will be released and] you will then retire to consider your verdict.
 

 You should not form any definite or fixed opinion on the merits of the case until you have heard all the evidence, the argument of the lawyers and the
 
 *600
 
 instructions on the law by the judge. Until that time, you should not discuss the case among yourselves.
 

 During the course of the trial, the court may take recesses, during which you will be permitted to separate and go about your personal affairs. During these recesses you will not discuss the case with anyone nor permit anyone to say anything to you or in your presence about the case. If anyone attempts to say anything to you or in your presence about this case, tell [him] [her] that you are on the jury trying the case and ask [him] [her] to stop. If [he] [she] persists, leave [him] [her] at once and immediately report the matter to the bailiff, who will advise me.
 

 The case must be tried by you only on the evidence presented during the trial in your presence and in the presence of the defendant, the attorneys and the judge. Jurors must not conduct any investigation of their own. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the Internet to look at maps or pictures to see any place discussed during the trial.
 

 Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.{Ae-cordingly, you must-not visit any of the places described in the evidence, and you must not read nor listen to any reports about- the case, — Further, you must not discuss this case-with any person and ;mu must not speak-with the attorneys, the -witnesses, or — the defendant — about any subject until your deliberations -are finished.
 

 Give if defendant requests.
 

 In every criminal proceeding a defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove [his] [her] innocence. From the exercise of a defendant’s right to remain silent, a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.
 

 The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When an objection is made you should not speculate on the reason why it is made; likewise, when an objection is sustained, or upheld, by me, you must not speculate on what might have occurred had the objection not been sustained, nor what a witness might have said had [he] [she] been permitted to answer.
 

 Comment
 

 The portion of this instruction dealing with communication with others and outside research may need to be modified to
 
 *601
 
 include other specified means of communication or research as technology develops.
 

 This instruction was adopted in 1981 and amended in 2010.
 

 3.13 SUBMITTING CASE TO JURY
 

 In just a few moments you will be taken to the jury room by the bailiff. The first thing you should do is elect a foreperson who will preside over your deliberations, like a chairperson of a meeting. It is the foreperson’s job to sign and date the verdict form when all of you have agreed on a verdict in this case and to bring the verdict back to the courtroom when you return.
 

 Your verdict finding the defendant either guilty or not guilty must be unanimous. The verdict must be the verdict of each juror, as well as of the jury as a whole.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
 

 Comment
 

 This instruction was adopted in 1981 and was amended in 2000, aBd-2003, and 2010. [Amendments to the Standard Jury Instructions in Civil Cases]
 

 201.2 INTRODUCTION OF PARTICIPANTS AND THEIR ROLES
 

 Who are the people here and what do they do?
 

 Judge/Court: I am the Judge. You may hear people occasionally refer to me as “The Court.” That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.
 

 Attorneys: The attorneys to whom I will introduce you have the job of representing their clients. That is, they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.
 

 Plaintiffs Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name) and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client’s side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as “the plaintiff.”
 

 
 *602
 
 Defendant’s Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name), the one who has been sued. [His] [Her] job is to present [his] [her] client’s side of things to you. [He] [She] and [his] [her] client will usually be referred to here as “the defendant.”
 

 Court Clerk: This person sitting in front of me, (name), is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.
 

 Court Reporter: The person sitting at the stenographic machine, (name), is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.
 

 Bailiff: The person over there, (name), is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.
 

 Jury: Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury’s job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit. At the end of the trial the jury will give — me- a written verdict, — A -verdict is simply the jury’s answer to my questions-about the case,
 

 In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.
 

 I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.
 

 You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.
 

 All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which
 
 *603
 
 assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.
 

 NOTE ON USE FOR 201,2
 

 The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.
 

 201.3 EXPLANATION OF THE VOIR DIRE PROCESS
 

 Voir Dire:
 

 The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.
 

 Questions/Challenges: This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.
 

 How we go about that is as follows: First, I’ll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.
 

 Purpose of Questioning: The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the attorneys or me, don’t hesitate to let me know.
 

 Response to Questioning: There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don’t understand the question,
 
 *604
 
 please raise your hand and ask for an explanation or clarification.
 

 In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.
 

 NOTES ON USE FOR 201.3
 

 1. The publication of this recommended instruction is not intended to intrude upon the trial judge’s own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.
 

 2. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.
 

 202.2 EXPLANATION OF THE TRIAL PROCEDURE
 

 Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.
 

 Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.
 

 Evidentiary Phase: After the attorneys’ opening statements the plaintiffs will bring their witnesses and evidence to you.
 

 Evidence: Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
 

 Witnesses: A witness is a person who takes an oath to tell the truth and then answers attorneys’ questions for the jury. The answering of attorneys’ questions by witnesses is called “giving testimony.” Testimony means statements that are made when someone has sworn an oath to tell the truth.
 

 The plaintiffs lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiffs witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiffs lawyer gets to do cross-examination. The process is designed to be fair to both sides.
 

 It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
 

 Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an “objection.” The rules for a trial can be complicated, and there are many reasons for attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is “sustained,” that means the witness may not answer the question. If I say that the objection is “overruled,” that means the witness may answer the question.
 

 
 *605
 
 When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
 

 Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.
 

 Recesses: Breaks in an ongoing trial are usually called “recesses.” During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
 

 Instructions Before Closing Arguments: After all the evidence has been presented to you, I will instruct you in the law that you must follow. It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to help you correctly sort through the evidence to reach your decision.
 

 Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
 

 Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
 

 Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called “jury deliberations.” Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
 

 Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.
 

 What are the rules?
 

 Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.
 

 Keeping an Open Mind: You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing
 
 *606
 
 arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
 

 Consider Only the Evidence: It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you must cannot do any work or investigation of your own about the case. You must cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever.,-4»cluding-tho internet This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else, and you cannot You must not visit places mentioned in the trial or use the internet to look at maps or pictures to see any place discussed during trial.
 

 Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog. Similarly, it is important that you avoid reading — any—newspaper—accounts—or watching — or-listening—to—television-or-radio comments that-have anything to do with this-Gase or its subject.
 

 No Mid-Trial Discussions: When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don’t speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to inter-act with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
 

 Only the Jury Decides: Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another
 
 *607
 
 in the trial. Discussing and deciding the facts is your job alone.
 

 NOTES ON USE FOR 202.2
 

 1. This instruction is intended for situations in which at the end of the case the jury is going to be instructed before closing argument. The committee strongly recommends instructing the jury before closing argument. If, however, the court is going to instruct the jury after closing argument, this instruction will have to be amended.
 

 2. The publication of this recommended instruction is not intended to intrude upon the trial judge’s own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.
 

 3. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.
 

 SECTION 700 — CLOSING INSTRUCTIONS
 

 Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Bo-not-contact anyone to assist you;-such as a family-accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same eVidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 
 *608
 
 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 [I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict) ]
 

 [You will be given (state number) forms of verdict, which I shall now read to you: (read form of verdict(s)) ]
 

 [If you find for (claimant(s)), your verdict will be in the following form: (read form of verdict) ]
 

 [If you find for (defendant(s)), your verdict will be in the following form: (read form of verdict) ]
 

 Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have [agreed on your verdict[s]] [finished filling out the form[s]], your foreperson must write the date and sign it at the bottom and return the verdict[s] to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note,
 
 *609
 
 do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict[s].
 

 NOTES ON USE FOR 700
 

 1. When final instructions are read to the jury before the attorney’s closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate. If, however, the entire instruction is given after final arguments, omit the bracketed sentence in the first paragraph.
 

 2. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specific means of communication or research as technology develops.
 

 28. Florida Rule of Judicial Administration 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.
 

 34.
 
 Quotient verdict.
 
 The committee recommends that no instruction generally be given to admonish the jury against returning a “quotient verdict.”
 

 45. When it is impracticable to take all of the evidence into the jury room, this instruction should be modified accordingly.
 

 MODEL INSTRUCTION NO. 1
 

 Automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault threshold issue; witnesses testifying in foreign language; instructions for beginning and end of case; use of special verdict in burden of proof and damage instructions
 

 Facts of the hypothetical case:
 

 John Doe was injured when the automobile he was driving collided with one driven by Rachel Rowe. John Doe sued Rachel Rowe. Rachel Rowe pleaded comparative negligence. Questions of negligence, comparative negligence, causation, permanency of John Doe’s injuries and damages are to be submitted to the jury. Traffic Accident Reconstruction experts testified in the case. There is no
 
 Fabre
 
 issue. Several witnesses will testify in Spanish.
 

 The court’s instruction:
 

 These instructions illustrate: (1) instructions to be given at the beginning of the case, (2) instructions to be given before final argument and the closing instructions to be given after final argument. Instruction number (2), to be given before final argument, also illustrates how the court could utilize the Special Verdict questions in the burden of proof portion of the instruction.
 

 (1) Instruction for the beginning of the case:
 

 [101.2]
 
 Members of the jury,
 
 do you solemnly swear or affirm that you will well and truly try this case between John Doe and Rachel Rowe, and a true verdict render according to the law and evidence?
 

 [202.1] You have now taken an oath to serve as jurors in this trial. Before we begin, I am going to tell you about the rules of law that apply to this case. It is my intention to give you [all] [most] of the rules of law but it might be that I will not know for sure all of the law that might apply in this case until all of the evidence is presented. However, I can anticipate most of the law and give it to you at the beginning of the trial so that you can better understand what to be looking for as the evidence is presented. If I later decide that different law applies to the case, I will call that to your attention. In any event, at the end of the evidence I will
 
 *610
 
 give you the final instructions that you must use to decide this case and it is those instructions on which you must base your verdict. At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.
 

 [401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
 

 Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire
 
 evidence
 
 in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 If there is an issue about the applicability of a statute this instruction would be omitted at this time.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether
 
 she
 
 was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.
 

 [401.21] If the greater weight of the evidence does not support John Doe’s claim, your verdict should be for Rachel Rowe.
 

 [401.22] If, however, the greater weight of the evidence supports John Doe’s claim, then you shall consider the defense raised by Rachel Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.
 

 [401.23] If the greater weight of the evidence does not support Rachel Rowe’s defense and the greater weight of the evidence supports John Doe’s
 
 *611
 
 claim, then your verdict should be for John Doe in the total amount of his damages.
 

 If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form,
 
 which I will give you at the end of the case,
 
 what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.4] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
 

 The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future.
 

 Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
 

 If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
 

 Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.5] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by John Doe.
 

 [501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. Mortality tables
 
 may be
 
 received in evidence and, if they are, you may consider
 
 them
 
 in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
 

 [501.7] Any amount of damages, which you allow for future medical ex
 
 *612
 
 penses or loss of ability to earn money in the future, should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination
 
 at the end of the case
 
 and to answer certain questions I will ask you to answer on a special form, called a special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I
 
 finally
 
 explain it to you
 
 at the end of the case.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony
 
 you hear may be
 
 in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [202.32] Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.
 

 Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.
 

 Evidentiary Phase: After the attorneys’ opening statements the plaintiffs will bring their witnesses and evidence to you.
 

 Evidence: Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
 

 Witnesses: A witness is a person who takes an oath to tell the truth and then
 
 *613
 
 answers attorneys’ questions for the jury. The answering of attorneys’ questions by witnesses is called “giving testimony.” Testimony means statements that are made when someone has sworn an oath to tell the truth.
 

 The plaintiffs lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiffs witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiffs lawyer gets to do cross-examination. The process is designed to be fair to both sides.
 

 It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
 

 Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an “objection.” The rules for a trial can be complicated, and there are many reasons for attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is “sustained,” that means the witness may not answer the question. If I say that the objection is “overruled,” that means the witness may answer the question.
 

 When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
 

 Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.
 

 Recesses: Breaks in an ongoing trial are usually called “recesses.” During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
 

 Instructions Before Closing Arguments: After all the evidence has been presented to you, I will instruct you in the law that you must follow. It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to help you correctly sort through the evidence to reach your decision.
 

 Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
 

 Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
 

 
 *614
 
 Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called “jury deliberations.” Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
 

 Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.
 

 What are the rules?
 

 Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.
 

 Keeping an Open MincR You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
 

 Consider Only the Evidence^ It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you must cannot do any work or investigation of your own about the case. You must cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever.Rn-cluding the internet This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else, and you cannot You must not visit places mentioned in the trial or use the internet to look at maps or pictures to see any place discussed during trial.
 

 Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic
 
 *615
 
 device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog. Similarly,--it-is important that you avoid reading — any—newspaper- accounts — or watehing — or--listening to television or radio comments that-have anything to do with this case-or-its subject.
 

 ‘No Mid-Trial Discussions^ When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don’t speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
 

 Only the Jury Decides^ Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.
 

 [202.43] If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
 

 You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
 

 If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
 

 Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror’s memory of the evidence.
 

 [202.4] During the trial, you may have a question you think should be asked of a witness. If so, there is a procedure by which you may request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. You must not show your question to anyone or discuss it with anyone.
 

 I will then review the question with the attorneys. Under our law, only cer
 
 *616
 
 tain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys’ questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.
 

 By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.
 

 [202.5]
 
 During the trial,
 
 some witnesses may testify in Spanish which will be interpreted in English.
 

 The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.
 

 If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.
 

 The attorneys will now present their opening statements after which you will begin hearing the evidence.
 

 (2) Instruction before final argument:
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 [if different explain how] what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
 

 Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reason
 
 *617
 
 ably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether
 
 she
 
 was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.
 

 You will be given a Special Verdict to use in this case. The first question in the Special Verdict is:
 

 1. Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?
 

 YES_ NO_
 

 [401.21, 22]
 
 If the greater weight of the evidence supports John Doe’s claim, you will answer that question “YES.” If, however, your answer to question 1 is “NO,” your verdict is for the Defendant, and you should not proceed further, except to date and sign the Special Verdict and return it to the courtroom.
 

 If
 
 you answered the first question YES,
 
 then you shall consider the defense raised by Rachel Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.
 
 In connection with that defense, the second question in the Special Verdict is:
 

 2. Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?
 

 YES_ NO_
 

 [401.23]
 
 If the greater weight of the evidence supports Rachel Roe’s defense, you will answer that question “Yes. ” If, however, your answer to that question is “NO”
 
 and the greater weight of the evidence supports John Doe’s claim, then your verdict should be for John Doe in the total amount of his damages
 
 and you will skip the third question in the Special Verdict and proceed directly to the questions concerning damages.
 

 If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form what percentage of the total negligence of
 
 *618
 
 both parties to this action was caused by each of them.
 
 In that connection, the third question in the Special Verdict is:
 

 3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that gou charge to:
 

 RACHEL
 
 ROWE_%
 

 JOHN
 
 DOE_%
 

 [501.4] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim
 
 and gou answered the first question “YES,”
 
 you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
 

 The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future:
 

 Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 These appear as questions 4 and 5 in the Special Verdict.
 

 You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
 

 If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
 

 Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 This appears as question 6 in the Special Verdict.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Doe.
 

 [501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
 

 
 *619
 
 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer the questions I
 
 have asked
 
 you to answer on the special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.3] Some witnesses testified in Spanish during this trial, which had to be interpreted into English. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 (3) Instruction following closing arguments:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing
 
 *620
 
 arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist 3^ou> such as a family-aecountanC-doc-toiy or-lawyer, — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the
 
 *621
 
 instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form, of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?
 

 YES_ NO_
 

 If your answer to question 1 is NO, your verdict is for the Defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?
 

 YES_ NO_
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, please skip question 3 and answer questions 4 and 5.
 

 3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that you charge to:
 

 RACHEL
 
 ROWE_%
 

 JOHN DOE _%
 

 Total must be 100%
 

 In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, JOHN DOE. If you find Plaintiff, JOHN DOE, negligent in any degree, the court, in entering judgment, will reduce JOHN DOE’S total amount of damages
 
 *622
 
 (100%) by the percentage of negligence that you find was caused by JOHN DOE.
 

 Please answer questions 4 and 5.
 

 4. What is the total amount of JOHN DOE’S damages for medical expenses incurred in the past, and medical expenses to be incurred in the future? $_
 

 5. What is the total amount of JOHN DOE’S damages for lost earnings in the past and loss of earning capacity in the future? $_
 

 If the greater weight of the evidence shows that JOHN DOE’S injuries were in whole or in part permanent within a reasonable degree of medical probability, please answer question 6:
 

 6. What is the total amount of JOHN DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF JOHN DOE (add lines 44, . 25, and, if applicable, 36) $_
 

 SO SAY WE ALL, this _ day of -,2-
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 2
 

 Automobile collision; driver’s comparative negligence including failure to wear seat belt; aggi’avation of preexisting injury; multiple events
 

 Facts of the hypothetical case:
 

 Jane Doe was injured when the automobile she was driving collided with one driven by Richard Rowe. Jane Doe, who is married to John Doe, sued Richard Rowe. Richard Rowe pleaded that Jane Doe was comparatively negligent because of the operation of her own vehicle and because she was not wearing a seat belt at the time of the collision. There are issues of a preexisting injury and multiple accidents. Questions of negligence, causation and damages are to be submitted to the jury.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions as part of the instruction at the beginning of the case and that these instructions will be given again before Final Argument. When given at the beginning of the case, 202.1 will be used in lieu of 4.01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Jane Doe claims that Richard Rowe was negligent
 
 *623
 
 in the operation of the vehicle he was driving which caused her harm.
 

 Richard Rowe denies that claim and also claims that Jane Doe was herself negligent in the operation of her vehicle and in her failure to use her seat belt,
 
 both of which
 
 caused her harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 F.S. 316.614, provides that “[i]t is unlawful for any person ... [tjo operate a motor vehicle in this state unless the person is restrained by a safety belt.”
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Jane Doe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether
 
 she
 
 was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.12(c) ] Negligence may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on Jane Doe’s claim against Richard Rowe are whether Richard Rowe was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Jane Doe.
 

 [401.21] If the greater weight of the evidence does not support Jane Does’ claim, your verdict should be for Richard Rowe.
 

 [401.22] If, however, the greater weight of the evidence supports Jane Doe’s claim, then you shall consider the defense raised by Richard Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether Jane Doe was herself negligent in the operation of her vehicle and/or in failing to wear her seat belt, if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe.
 

 [401.23] If the greater weight of the evidence does not support Richard Rowe’s defense and the greater weight
 
 *624
 
 of the evidence supports Jane Doe’s claim, then your verdict should be for Jane Doe in the total amount of her damages.
 

 If, however, the greater weight of the evidence shows that both Richard Rowe and Jane Doe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Jane Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for Richard Rowe you will not consider the matter of damages. But if the greater weight of the evidence supports Jane Doe’s claim you should award Jane Doe an amount of money that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury, or damage, including any damage Jane Doe is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 [501.2(d) ] On the claim brought by John Doe, you should award his wife an amount of money which the greater weight of the evidence shows will fairly and adequately compensate John Doe for any loss by reason of his wife’s injury, of her services, comfort, society, and attentions in the past and in the future caused by the incident in question.
 

 [501.2(h) ] Any damage to Jane Doe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Jane Doe sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Jane Doe. The court will enter a judgment based on your verdict and, if you find that Jane Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Jane Doe.
 

 [501.5(a) ] If you find that the Richard Rowe caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect, you should attempt to determine what portion of Jane Doe’s condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However,
 
 *625
 
 if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Jane Doe.
 

 [501.5(b) ] You have
 
 also
 
 heard that Jane Doe may have been injured in two events. If you decide that Jane Doe was injured by Richard Rowe and was later injured by another event, then you should try to separate the damages caused by the two events and award Jane Doe money only for those damages caused by Richard Rowe. However, if you decide that you cannot separate some or all of the damages, you must award Jane Doe any damages that you cannot separate, as if they were all caused by Richard Rowe.
 

 [501.6] If the greater weight of the evidence shows that Jane Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Jane Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Jane Doe’s health, age, and physical condition, before and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Jane Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 
 *626
 
 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following closing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that deci
 
 *627
 
 sion in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you have finished filling out the form, your foreperson must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Defendant, RICHARD ROWE, which was a legal cause of damage to Plaintiff, JANE DOE?
 

 YES_ NO_
 

 If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 
 *628
 
 2. Was there negligence on the part of Plaintiff, JANE DOE, which was a legal cause of her damage?
 

 YES_ NO_
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer questions 4, 5, and 6.
 

 3. State the percentage of any negligence which was a legal cause of damage to Plaintiff, JANE DOE, that you charge to:
 

 Defendant, RACHEL ROWE_%
 

 Plaintiff, JOHN DOE _%
 

 Total must be 100%
 

 In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, JANE DOE. If you find Plaintiff, JANE DOE, was negligent in any degree, the court, in entering judgment, will reduce JANE DOE’S total amount of damages (100%) by the percentage of negligence which you find was caused by JANE DOE.
 

 Please answer questions 4, 5, and 6.
 

 4. What is the total amount of JANE DOE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be incurred in the future? $_
 

 5. What is the total amount of JANE DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $.
 

 TOTAL DAMAGES OF JANE DOE (add lines 44 and 25) $.
 

 6.What is the total amount of JOHN DOE’S damage caused by the loss of his wife’s:
 

 [a.] comfort, society, and attention? $_
 

 [b.] services $_
 

 TOTAL DAMAGES OF JOHN DOE (add lines 36a and 36b) $_
 

 SO SAY WE ALL, this _ day of -> 2—
 

 FOREPERSON
 

 NOTE ON USE
 

 This model instruction illustrates the instruction to be given when it is alleged that a driver was comparatively negligent for not wearing a seat belt. Different factual situations may require that different portions of
 
 F.S.
 
 316.614, be read or paraphrased. See
 
 Ridley v. Safety Kleen Corp.,
 
 693 So.2d 934 (Fla.1996).
 

 MODEL INSTRUCTION NO. 3
 

 Automobile collision; comparative negligence; wrongful death damages;
 
 Fabre
 
 issue
 

 Facts of the hypothetical case:
 

 Mary Smith, as personal representative of the estate of John Smith, deceased, has brought an action against Fast Transport Company for damages resulting from the instantaneous death of John Smith in a collision between his car and a tractor trailer owned by Fast Transport Company and driven by Joe Johnson, Fast Transport’s employee. There is no issue as to Fast Transport’s responsibility for any
 
 *629
 
 negligence of its driver, Johnson. Questions of negligence, comparative negligence, causation and damages for the estate and for the benefit of the widow and a daughter, Nancy, who is 15 years old are to be submitted to the jury. Additionally, Joe Johnson claims that his actions were due to the negligence of another driver, Bill Jones.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 4,01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Mary Smith, as personal representative of the estate of John Smith, claims that Fast Transport’s driver, Joe Johnson, was negligent in the operation of the vehicle he was driving which caused
 
 the death of John Smith.
 

 Fast Transport denies that claim and also claims that John Smith was himself negligent in the operation of his vehicle, which caused his death. Additionally, Fast Transport claims that John Smith’s death was due to negligence of Bill Jones, who is not a party to this case.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.12(a) ] Negligence is a legal cause of
 
 a death
 
 if it directly and in natural and continuous sequence produces or contributes substantially to producing such
 
 death,
 
 so that it can reasonably be said that, but for the negligence, the
 
 death
 
 would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of
 
 death
 
 even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such
 
 death.
 

 [401.13(b) ] The court has determined and now instructs you that Fast Transport is responsible for any negligence of its employee, Joe Johnson.
 

 
 *630
 
 [401.18] The issues you must decide on Mary Smith’s claim against Fast Transport are whether Fast Transport’s employee, Joe Johnson, was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of John Smith’s death.
 

 [401.21] If the greater weight of the evidence does not support Mary Smith’s claim, your verdict should be for Fast Transport.
 

 [401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim, then you shall consider the defenses raised by Fast Transport.
 

 [401.22(a) ]
 
 On Fast Transport’s
 
 first defense, the issues for you to decide are whether John Smith was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of
 
 his death.
 

 [401.22(f) ]
 
 On Fast Ti'ansport’s second defense, the issues for you to decide are
 
 whether Bill Jones was also negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of John Smith’s death.
 

 [401.23] If the greater weight of the evidence does not support Fast Transport’s defenses and the greater weight of the evidence supports Mary Smith’s claim, then your verdict should be for Mary Smith
 
 as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom this action is brought.
 

 If, however, the greater weight of the evidence shows that either John Smith and/or Bill Jones were negligent and that the negligence of one or each contributed as a legal cause
 
 to the death of John Smith,
 
 you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
 

 [502.1(b) ] If your verdict is for Fast Transport, you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith’s claim, as personal representative of the estate of John Smith, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows the estate of John Smith and Mary Smith and Nancy Smith sustained as a result of John Smith’s death, including any damages that Mary Smith and Nancy Smith are reasonably certain to experience in the future.
 

 [502.2] In determining any damages sustained by John Smith’s estate, you shall consider the following elements:
 

 [502.2(b) ] The estate’s loss of net accumulations: “Net accumulations” is the part of the decedent’s net income from salary or business after taxes, including pension benefits, which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.
 

 [502.2(c) ] Medical and funeral expenses due to the decedent’s death which have become a charge against the decedent’s estate.
 

 In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall consider certain additional elements of damage. There is no exact standard for fixing the compensation to be awarded for these elements. Any such award should be fair and just in the light of the evidence regarding the following elements.
 

 
 *631
 
 [502.2(d) ] Mary Smith’s loss of John Smith’s companionship and protection, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of the losses, you may consider the life expectancy of the surviving spouse, Mary Smith, together with the other evidence in the case.
 

 [502.2(e) ] The loss by Nancy Smith of parental companionship, instruction and guidance, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of those losses, you may consider the life expectancy of the surviving child, Nancy Smith, together with the other evidence in the case.
 

 In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall
 
 also
 
 consider
 
 these
 
 additional elements of damage.
 

 [502.2(g) ] The loss
 
 of support and services sustained by
 
 Mary Smith and Nancy Smith, by reason of John Smith’s injury and death. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent, and the period of minority, ending at age 25, of a healthy minor child.
 

 In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to John Smith, the amount of John Smith’s probable net income available for distribution to Mary Smith and Nancy Smith and the replacement value of John Smith’s services to the survivor. “Support” includes contributions in kind, as well as sums of money. “Services” means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent’s death.
 

 [501.3] Any damages that you find were sustained by the decedent’s estate and by each survivor shall be separately stated in your verdict.
 

 [502.5] In determining the total amount of any damages sustained by the John Smith estate and Mary Smith and Nancy Smith as a result of his death, you should not make any reduction because of the negligence, if any, of John Smith or Bill Jones. The court will enter a judgment based on your verdict and, if you find that John Smith or Bill Jones were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Smith and/or Bill Jones.
 

 [502.6(a) ] In determining how long John Smith would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.
 

 [502.6(b) ] In determining the duration of any future loss sustained by Mary Smith and Nancy Smith by reason of the death of John Smith, you may consider
 
 the life expectancy of each.
 
 The mortality tables received in evidence may be considered, together with other evidence in the case
 
 beariny on the health, age, and physical condition of each, in determining how long each may be expected to live.
 

 [502.7] Any amount of damages which you allow for
 
 lost net accumulations or for loss of the decedent’s support
 
 
 *632
 

 and services in the future
 
 should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith and Nancy Smith for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any
 
 *633
 
 other reference materials. Do not investigate the case or conduct any experiments. De-not-contact-anyone to assist yoUy-suGh-as-a family accountant, doctor» or lawyer. — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the
 
 *634
 
 views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1.Was there negligence on the part of Joe Johnson, FAST TRANSPORT COMPANY’S driver, which was a legal cause of the death of John Smith?
 

 YES_ NO_
 

 If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of the decedent, John Smith, which was a legal cause of his death?
 

 YES_ NO_
 

 3. Was there negligence on the part of Bill Jones, which was a legal cause of John Smith’s death?
 

 YES_ NO_
 

 If your answer to either question 2 or 3 is YES, please answer question 4. If your answer to questions 2 and 3 is NO, skip question 4 and answer questions 5, 6, and 7.
 

 4. State the percentage of any negligence, which was a legal cause of John Smith’s death, that you charge to:
 

 Joe Johnson (Fast Transit Company’s driver) %
 

 John Smith (decedent) %
 

 Bill Jones (other driver) %
 

 Total must be 100%
 

 In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the decedent, John Smith or of Bill Jones. If you find that either John Smith or Bill Jones were to any extent negligent, the court, in entering judgment, will make an appropriate reduction in the damages awarded.
 

 Please answer questions 5, 6, and 7.
 

 DAMAGES OF THE ESTATE
 

 5. What is the total amount of any damages lost by the estate for the
 
 *635
 
 amount of any medical or funeral expenses resulting from John Smith’s injury and death? $_
 

 DAMAGES OF MARY SMITH
 

 6a. What is the total amount of damages sustained by MARY SMITH for the loss of John Smith’s support and services? $_
 

 6b. What is the total amount of damages sustained by MARY SMITH for the loss of her husband’s companionship and protection and from her pain and suffering as a result of John Smith’s injury and death? $_
 

 TOTAL DAMAGES OF MARY SMITH $_ (add lines 6a and 6b)
 

 DAMAGES OF NANCY SMITH
 

 7a. What is the total amount of any damages sustained by NANCY SMITH for her loss of John Smith’s support and services? $_
 

 7b. What is the amount of damages sustained by NANCY SMITH for the loss of parental companionship, instruction and guidance and NANCY SMITH’S pain and suffering as a result of John Smith’s injury and death? $_
 

 TOTAL DAMAGES OF NANCY SMITH $_ (add lines 7a and 7b)
 

 SO SAY WE ALL, this _ day of _, 2_
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 4
 

 Automobile collision; comparative negligence; claim and counterclaim
 

 Facts of the hypothetical case:
 

 Betty Jones and Rachel Rowe were both injured when their automobiles collided at an intersection. Betty Jones sued Rachel Rowe, who denied the allegations of negligence, pleaded in defense that Betty Jones was negligent and counterclaimed for her own damages. On the counterclaim, Betty Jones denied that she was negligent and pleaded in defense that Rachel Rowe was negligent.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions trill be given again before final argument. When given at the beginning of the case, 202.1 tuill be used in lieu ofiOl.l and these instructions trill be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the casef
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 
 *636
 
 [401.2] The claims and defenses in this case are as follows. Betty Jones claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused her harm.
 

 Rachel Rowe denies that claim and claims
 
 instead that it was Betty Jones who was
 
 negligent in the operation of her vehicle, which caused harm to Rachel Rowe.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that either Rachel Rowe or Betty Jones violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on Betty Jone’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Betty Jones.
 

 [401.21] If the greater weight of the evidence does not support Betty Jone’s claim, your verdict on that claim should be for Rachel Rowe.
 

 Similarly, the issues for your determination on the claim of Rachel Rowe against Betty Jones are whether Betty Jones was negligent in the operation her vehicle, and, if so, whether such negligence was a legal cause of loss, injury, or damage to Rachel Rowe.
 

 If the greater weight of the evidence does not support Rachel Rowe’s claim, then your verdict on that claim should be for Betty Jones.
 

 If the greater weight of the evidence supports the claim of Betty Jones, and shows that the negligence of Rachel Rowe was a legal cause of loss, injury, or damage to Betty Jones, but does not support the claim of Rachel Rowe, your verdict should be for Betty Jones in the total amount other damages.
 

 Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury, or damage to Rachel Rowe, but does not support the claim of Betty
 
 
 *637
 

 Jones, your verdict should be for Rachel Rowe in the total amount of her damages.
 

 If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury, or damage to each, you should determine what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for Rachel Rowe
 
 on the claim of Betty Jones
 
 you will not consider the matter of
 
 Betty Jones’
 
 damages.
 
 Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rachel Rowe’s damages. But if the greater weight of the evidence supports the claim of either Betty Jones or Rachel Rowe, or both of their claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows will fairly and adequately compensate the claimant for such loss, injury, or damage, including any damage the claimant is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 [501.2(h) ] Any damage to Betty Jones’ or Rachel Rowe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Betty Jones and/or Rachel Rowe. The court will enter a judgment based on your verdict and, if you find that either Betty Jones and/or Rachel Rowe were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by Betty Jones and/or Rachel Rowe.
 

 [501.6] If the greater weight of the evidence shows that either Betty Jones and/or Rachel Rowe have been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Betty Jones and/or Rachel Rowe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Betty Jones’ and/or Rachel Rowe’s health, age and physical condition, be
 
 *638
 
 fore and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Betty Jones and/or Rachel Rowe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following closing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will
 
 *639
 
 have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not contaot-anyone-to-assist you — such as a family accountant, doctor, or lawyer. — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson
 
 *640
 
 during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the juiy room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of RACHEL ROWE which was a legal cause of damage to BETTY JONES?
 

 YES_ NO_
 

 2. Was there negligence on the part of BETTY JONES which was a legal cause of damage to RACHEL ROWE?
 

 YES_ NO_
 

 If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.
 

 3. State the percentage of any negligence that you charge to:
 

 Rachel Rowe_%
 

 Betty Jones_%
 

 Total must be 100%
 

 Your answers to question 3 must total 100%, and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.
 

 In determining the amount of damages, do not make any reduction because of the negligence, if any, of BETTY JONES and/or RACHEL ROWE. If you find that BETTY JONES and/or RACHEL ROWE were to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.
 

 Please answer questions 4, 5, 6 and 7.
 

 
 *641
 
 DAMAGES OF BETTY JONES
 

 4. What is the total amount of BETTY JONES’ damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 5. What is the total amount of BETTY JONES’ damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF BETTY JONES $_ (add lines 4 and 5)
 

 DAMAGES OF RACHEL ROWE
 

 6. What is the total amount of RACHEL ROWE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 7. What is the total amount of RACHEL ROWE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF RACHEL ROWE (add lines 6 and 7) $-
 

 SO SAY WE ALL, this _ day of -> 2—
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 5
 

 Injury in three-car collision; settlement with injured party by one tortfea-sor; independent contribution claim by him against others; reasonableness of settlement as well as liability contested
 

 Facts of the hypothetical case:
 

 John Adams, driver of one of three vehicles involved in a collision, presented a claim for his injuries to Marvel Transport Co., owner of one of the other vehicles. Marvel, taking into consideration Adams’ injuries, his comparative negligence and its potential exposure, paid Adams $75,000.00 and obtained a general release of all responsible persons. Marvel then sued the owner of the other vehicle, Perishable Produce, Inc., for contribution. The issues to be resolved by the jury are whether Perishable’s driver was negligent in contributing to Adams’ injuries, whether the amount paid by Marvel was reasonable and, if Perishable’s driver was negligent, the relative degrees of responsibility of Marvel and Perishable.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 1,12.3 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 
 *642
 
 [412.3] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [412.4] The claims and defenses in this case are as follows. Marvel Transport Co. seeks to recover from Perishable Produce, Inc., part of the sum of $75,000.00, which Marvel Transport Co. paid John Adams to satisfy the claim of John Adams resulting from his injury in the three vehicle accident involving John Adams, and vehicles owned by Marvel Transport Co, and Perishable Produce, Inc. Marvel Transport Co. claims that Perishable Produce, Inc. was partly negligent in causing the collision.
 

 Perishable Produce, Inc. denies that claim.
 

 Marvel Transport Co. must prove its claim by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [412.5] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [412.6] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [412.7(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [412.7(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [412.8] The issues for you to decide are whether Tom Jones, the employee of Perishable, was negligent in his operation of Perishable’s truck, which was involved in the collision and, if so, whether such negligence was a legal cause of injury or damage to John Adams.
 

 If the greater weight of the evidence does not support the claim of Marvel Transport Co. against Perishable Produce, Inc., your verdict should be for Perishable Produce, Inc.
 

 However, if the greater weight of the evidence supports the claim of Marvel Transport Co., you should also determine whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable under all of the circumstances shown by the evidence. If the greater weight of the evidence shows that the amount of money paid by Mar
 
 *643
 
 vel Transport to John Adams did not exceed a reasonable amount under all of the circumstances, you should so find by your verdict. However, if the amount of money paid by Marvel Transport Co. to John Adams exceeded a reasonable amount, you should determine the amount which would have been reasonable under all of the circumstances for Marvel Transport Co. to pay to John Adams in settlement. The court will then determine the amount that Marvel Transport Co. will recover from Perishable Produce, Inc.
 

 In deciding whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable, I instruct you that John Adams would have been able to sue Marvel Transport Co. for an amount of money that would fairly and adequately compensate him for his loss, injury, and damage, including any damage that John Adams would have been reasonably certain to incur or experience in the future, for the following elements:
 

 [501.2(a) ] Any bodily injury sustained by John Adams and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life that he had experienced in the past, or would have experienced in the future. There is no exact standard for measuring such damage. The amount would have had to have been fair and just, in the light of the evidence about his injuries.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Adams in the past, or to be so obtained by him in the future.
 

 [501.2(c) ] Any earnings John Adams lost in the past, and any loss of ability to earn money he had in the future.
 

 [501.2(h) ] Any damage to John Adams’ automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. It would also include any loss John Adams sustained for towing or storage charges and from being deprived of the use of his automobile during the period reasonably required for its repair.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of
 
 *644
 
 the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not-contact anyone to assist you^-such as a -family — accountant, doc-tory-ag- lawyer-. — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and
 
 *645
 
 immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 
 *646
 
 1. Was there negligence on the part of Tom Jones, the driver of the truck owned by Defendant, PERISHABLE PRODUCE, INC., which was a legal cause of damage to John Adams?
 

 YES_ NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. State the percentage of any negligence, which was a legal cause of damage to John Adams, that you charge to:
 

 Tom Jones (Perishable Produce Inc.’s driver)
 
 _%
 

 Frank Foot (Marvel Transport Co. driver)
 
 _%
 

 Total must be 100%
 

 Please answer question 3.
 

 3. Did MARVEL TRANSPORT CO. payment of $75,000.00 to Adams exceed a reasonable settlement under all of the circumstances?
 

 YES_ NO_
 

 If your answer to question 3 is NO, do not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.
 

 4. What would have been a reasonable settlement, under all of the circumstances, for MARVEL TRANSPORT COMPANY to pay Adams?
 

 [[Image here]]
 

 SO SAY WE ALL, this _ day of _,2_
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 6
 

 Claimant suing three alleged joint tort-feasors; comparative negligence in issue; contribution shares to be determined in action
 

 Facts of the hypothetical case:
 

 Mary Smith was injured while driving her car, which was involved in a four-car pile-up. She filed suit against the drivers of the other vehicles — Ron Rowe, Sally Jones and Tom Torpor — alleging that their combined negligence caused the pile-up and her injuries. All defendants have asserted that the negligence of Smith contributed to her injuries. The defendants filed cross-claims raising the issue of contribution. The court has determined that a single verdict can conveniently determine the contribution shares of the defendants found to be liable to Smith.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of U01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the
 
 *647
 
 rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Mary Smith claims that Ron Rowe
 
 and/or
 
 Sally Jones
 
 and/or
 
 Tom Torpor were negligent in the operation of their vehicles, which caused her harm.
 

 Ron Rowe, Sally Jones and Tom Torpor
 
 each
 
 deny that claim and
 
 they each
 
 also claim that Mary Smith was herself negligent in the operation of her vehicle, which caused her harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18(b) ] The issues you must decide on Mary Smith’s claim against Ron Rowe
 
 and/or
 
 Sally Jones
 
 and/or
 
 Tom Torpor are whether
 
 any one or more of those defendants
 
 were negligent in the operation of the vehicles they were driving; and, if so, whether such negligence was a legal cause of loss, injury, or damage to Mary Smith.
 

 [401.21] If the greater weight of the evidence does not support the claim of Mary Smith
 
 against a particular defendant,
 
 then your verdict should be for
 
 that
 
 defendant.
 

 [401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 then you shall consider the defense raised by
 
 the defendants.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether Mary Smith was herself negligent in the operation of her vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to Mary Smith.
 

 [401.23] If the greater weight of the evidence does not support
 
 the defense of the defendants
 
 and the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 then your verdict should be for Mary Smith
 
 against those particular defendants and you should then
 
 decide and write on the verdict form what percentage of the total negligence of
 
 those
 
 defendants was caused by each defendant.
 

 If, however, the greater weight of the evidence shows that both Mary Smith
 
 *648
 
 and
 
 one or more of the defendants
 
 were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Mary Smith, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for the defendants you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage, which the greater weight of the evidence shows she sustained as a result of the incident complained of, including any such damage as Mary Smith is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 [501.2(h) ] Any damage to Mary Smith’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Mary Smith sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Mary Smith. The court will enter a judgment based on your verdict and, if you find that Mary Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Mary Smith.
 

 [501.6] If the greater weight of the evidence shows that Mary Smith has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Mary Smith may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Mary Smith’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future,
 
 *649
 
 will compensate Mary Smith for these losses as they are actually experienced in future years.
 

 [501.9] Even if you determine that more than one of the defendants were negligent, you should determine Mary Smith’s damages in a single total amount, and write that amount, in dollars, on the verdict form.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experi
 
 *650
 
 ments. Do not contact anyone to assist you, such as a family accountanV-doetor, or lawyer-. — Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the
 
 *651
 
 views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1.Was there negligence on the part of any of the defendants, which was a legal cause of damage to Plaintiff, Mary Smith?
 

 RON ROWE YES_ NO_
 

 SALLY JONES YES_ NO_
 

 TOM TORPOR YES_ NO_
 

 If your answer to question 1 is NO as to all defendants, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES as to any of the defendants, please answer question 2.
 

 2. Was there negligence on the part of Plaintiff, MARY SMITH, which was a legal cause of her damage?
 

 YES_ NO_
 

 Please answer question 3.
 

 3. State the percentage of any negligence, which was a legal cause of damage to Plaintiff, Mary Smith, that you charge to:
 

 Ron Rowe %
 

 Sally Jones %
 

 Tom Torpor
 
 %
 

 Mary Smith %
 

 Total must be 100%
 

 Your answers to question 3 must total 100%, and should include a zero for any person you found not negligent in answer to questions 1 and 2.
 

 In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, MARY SMITH. If you find Plaintiff, MARY SMITH, was negligent in any degree, the court, in entering judgment, will reduce MARY SMITH’S total amount of damages (100%) by the
 
 *652
 
 percentage of negligence that you find was caused by MARY SMITH.
 

 Please answer questions 4 and 5.
 

 4. What is the total amount of MARY SMITH’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 5. What is the total amount of MARY SMITH’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $-
 

 TOTAL DAMAGES OF MARY SMITH $_ (add lines 4 and 5)
 

 SO SAY WE ALL, this _ day of _, 2_
 

 FOREPERSON
 

 [1]
 

 . The Court also modifies the SJI-Civil Committee's proposals to amend, as necessary, based upon the language of instructions most recently authorized in the renumbering and reorganization case. Therefore, because the language from instruction 201.1 is not being amended at this time, the Court does not include that instruction in the appendix to this opinion.
 
 See In re Standard Jury Instructions in Civil Cases
 
 — Report
 
 No. 09-01 (Reorganization of the Civil Jury Instructions),
 
 35 So.3d at 672. In addition, because the SJI-Civil Committee's proposal to amend instruction 201.2 includes language previously authorized in instruction 201.3,
 
 see id.
 
 at 673, we modify proposed instruction 201.2 accordingly, and on the Court's own motion, amend instruction 201.3. The Court also made technical, non-substantive modifications as required.
 

 [2]
 

 . With respect to the criminal jury instructions, the amendments as reflected in the appendix are to the instructions as they appear on the Court’s website at www.florida supremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.